WIESS et al. v. McFADDIN et al. (No. 162.)

(Court of Civil Appeals of Texas. Beaumont. April 12, 1919.)

1. JOINT-STOCK COMPANIES ⬦⟹23—DISSOLU-TION—PARTITION.

In view of Vernon's Sayles' Ann. Civ. St 1914, arts. 6101–6111, where joint-stock company is dissolved, the court should not delegate to commissioners appointed to partition the company's property, the power and authority to ascertain, determine, and report on the question whether or not the property is susceptible of partition and what would be a fair and equitable mode of division, but should decide these questions itself before decreeing partition and appointing commissioners.

2. JOINT-STOCK COMPANIES ⬦⟹23 — DISSOLU-TION.

Where one of the members of a joint-stock association, owning half of its stock, was in hopeless deadlock with the owners of the other half of the stock, making it impossible to proceed with business, *held*, the association should be dissolved, its affairs wound up, and its property partitioned, although the original agreement provided that the trust should continue 50 years.

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

211 S.W.—22

**3. JUDGMENT** ⬯⟶**744—CONCLUSIVENESS—DE-**
**NIAL OF SPECIFIC PERFORMANCE.**

Where judgment denies specific performance of an agreement, the right to such performance is res judicata in a subsequent suit between the same parties.

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Suit by P. H. Wiess and others against W. P. H. McFaddin and others. From a judgment against plaintiffs, they appeal. Affirmed in part, and in part reversed and remanded.

Greer & Nall, of Beaumont, for appellants.
Howth & Williams, of Beaumont, for appellees.

BROOKE, J. The plaintiffs in error have furnished this court with a brief, but there has been no brief filed by the defendants in error. However, there was a brief reported to be filed, for which the court has diligently made inquiry, but the same has not been found, either in the record or otherwise. Therefore the court, in the consideration of this cause, is somewhat handicapped. However, we will proceed to decide the case with the record before us.

The McFaddin, Wiess & Kyle Land Company is a joint-stock unincorporated association, in which all the parties to this suit are shareholders, and was organized in the year 1904 by the execution, acknowledgment, and recording of a joint-stock agreement by V. Wiess, W. P. H. McFaddin, and W. W. Kyle, which is designated the constitution and by-laws of the company, which fully provides for the government and control of the said company. All the property of the company is vested in a board of three trustees, who are to hold the same in trust for the stockholders, and this board of trustees is given plenary power to conduct and control all the business of the company and handle and dispose of its property, and to employ and discharge all other officers and agents of the company. The capital stock of the company is $800,000, divided into 8,000 shares of the par value of $100 per share, one-half of which was issued to W. P. H. McFaddin and one-fourth to each V. Wiess and W. W. Kyle. These three persons were made and constituted trustees of the company, and the business of the company was conducted with success and profit.

The defendant L. W. Houk, who is a son-in-law of the defendant McFaddin, was made a party to the suit on account of the claim of ownership of a small interest, represented by 2 shares of stock claimed to have been transferred to him by McFaddin, but which transfer was never recorded on the books of the company, as required, and further on account of the said Houk being secretary of the company, but no separate question arises here with reference to this defendant.

The company is the owner of about 9,000 acres of land, with improvements thereon, and a large amount of personal property. It owns and operates irrigating canals, laterals, and pumping plants, from which it irrigates, in proper season its own lands, and also lands owned and cultivated by outside parties. The canals and laterals cover a radius of from 32 to 38 miles. All the property is situated in Jefferson county, a short distance south and southwest of the city of Beaumont. It is alleged, and not disputed, that the properties altogether and as a whole are worth $800,000, the amount of the capital stock of the company.

A vacancy on the board of trustees was brought about by the death of V. Wiess in July, 1913, and the plaintiffs in this case, who are his children, upon the adjustment and settlement of his estate, became the owners of the $200,000 of stock in the company, which stock, after the death of V. Wiess, was, by proper entry on the books of the company, transferred and reissued to P. H. Wiess, and now stands on the books of the company in the name of plaintiff P. H. Wiess.

It is provided by said joint-stock agreement that the death of a shareholder shall not operate to terminate the trust, but that the company and the trust created should continue for the term of 50 years, and the legal representatives of a deceased shareholder shall succeed to all the rights of a decedent in the association and in the trust created by the agreement, and that upon the death of any trustee a successor in his stead shall be elected by the surviving trustees.

After the death of V. Wiess, the defendants W. W. Kyle and W. P. H. McFaddin, as trustees and shareholders in the association, agreed with P. H. Wiess that he should and would be elected trustee to fill the vacancy, and it was understood and agreed that the said association should continue in existence and operation as formerly under the control and direction of a board of three trustees, with the authority and power as provided in the agreement forming the company. On November 13, 1913, at a meeting of the board of trustees, the said McFaddin and Kyle, in accordance with their agreement and in conformity with the requirements of the said joint-stock agreement, voted for P. H. Wiess as the new member of the board of trustees to succeed his father, and the vote was duly entered of record in the minutes of the board of trustees, and the selection was fully agreed to and approved by both the said W. P. H. McFaddin and W. W. Kyle.

Under the terms of the joint-stock agree-

ment, it is necessary, to complete the election and qualify the new trustee, that a certificate in writing shall be executed and acknowledged by the two trustees, and an acceptance of the trust executed by the new trustee, in form as required by the joint-stock agreement. P. H. Wiess accepted the position and properly signed and acknowledged an acceptance, and W. W. Kyle, trustee, properly executed and acknowledged the necessary certificate of the election; but W. P. H. McFaddin refused to execute the same and has since so refused, and has refused to abide by his agreement, and has repudiated the election.

After the institution of this suit, W. W. Kyle undertook to resign the position of trustee; but it is contended by the plaintiff, and also by defendant McFaddin, that such resignation is not effective, as the joint-stock agreement provides that a trustee shall hold his position until his successor is elected and qualified, and no successor of W. W. Kyle has been elected. The agreement provides further that, if the two surviving trustees cannot agree upon a new trustee, a majority in amount of the shareholders of said association may select a trustee, and two-thirds in the amount of the shareholders have the power and authority to instruct the board of trustees in any matter with reference to the affairs of the association; but it is shown that on account of the fact that the defendant McFaddin is one of the two trustees, and also is the owner of one-half of the stock of the association, it is impossible to instruct the two trustees or to elect a trustee, as defendant McFaddin is able to defeat any proposition presented.

It is shown at length by plaintiffs' petition that, on account of said company not having a regularly constituted board of three trustees, said company cannot and is not being conducted as required by the constitution and by-laws, and plaintiffs ask for relief to remedy the condition existing. The relief asked by plaintiffs was (1) that the court decree the specific performance of the agreement whereby defendants W. P. H. McFaddin and W. W. Kyle had agreed to elect plaintiff P. H. Wiess as one of the trustees of said association, thereby giving to said association a regularly constituted board of three trustees, composed of P. H. Wiess, W. P. H. McFaddin, and W. W. Kyle, and thereby enabling and making it possible for the business, property, and affairs of said association to be continued as provided and contemplated by the joint-stock agreement; (2) or if the court should hold, under the facts as alleged in plaintiffs' petition, that the attempted resignation of W. W. Kyle as trustee was valid and effective, that the court appoint a successor on the board of trustees of said association, and decree the specific performance of the agreement for the appointment of P. H. Wiess, trustee, as heretofore referred to; (3) or that the court by its decree and order appoint P. H. Wiess and W. W. Kyle as the two trustees to fill the vacancy existing upon the board of trustees of said association, thereby giving to said association a board of three trustees, and enabling and making it possible for the business of said association to be continued, and for its property, business, and affairs to be conducted, controlled, and directed as provided by the joint-stock agreement; or (4) for such other relief, both general and special, in law and equity, as the court might consider the plaintiffs entitled to.

The defendants, W. P. H. McFaddin, L. W. Houk, and W. W. Kyle, contest and deny the right of the plaintiffs to any of the relief prayed for, and by cross-actions ask for the dissolution of the association, cancellation of the joint-stock agreement, and a partition of the assets of the association among the shareholders therein.

Judgment of the trial court was against the plaintiffs as to their right to any of the relief prayed for, and by its judgment and decree dissolved the association, terminated and canceled the joint-stock agreement, and appointed commissioners to ascertain whether or not the property was capable of partition and report to the court as to other matters.

The first, second, and third assignments of error will be considered together, and are as follows:

(a) "The court erred in that part of said judgment wherein it appointed John N. Gilbert, William M. Carroll, and W. B. Dunlap as commissioners, and P. G. Omohundro as surveyor and civil engineer, and requiring them to 'make a written report under oath to the court as soon as may be, showing the value of each tract of land, the character of each tract of land, showing which is marsh land, which is high land, which is oil land, to what use each tract is best adapted, and which tracts are capable of irrigation by the canal belonging to the parties to this suit.'"

(b) "The court erred in that part of its judgment wherein it required said commissioners to make a written report showing, 'whether or not in their opinion all of said properties can be fairer or more equitably divided into three shares, two of said shares to contain each one-fourth of the whole, and one of said shares to contain real estate, to contain one or more tracts or parcels having due regard to the situation in quantity and advantage of each share, so that the shares may be equal in value as nearly as may be in proportion to, the respective interests of the parties entitled, and the value of each share to be shown.'"

(c) "The court erred in that part of said judgment and decree wherein the said commissioners were required to make a written report under oath to the court as soon as may be, showing 'whether or not in their opinion it would be fairer and more equitable instead of attempting to divide all of said properties, real and personal, in kind, into three shares, two of one-fourth

each and one of one-half, to sell all of said properties and divide the proceeds' "

[1] The court, having by its decree dissolved the land company and canceled and annulled the articles of association existing among the parties forming the same, should have determined, before entering a decree for partition, whether the property or any part thereof was susceptible of partition, and then, if the court had determined that the whole of the property or any part thereof was susceptible of partition should have entered a decree directing the partition of the real estate in accordance with the respective shares or interest of each of the parties entitled thereto, and should have, and not before, appointed commissioners to make such partition in accordance with the decree, and if the property was not susceptible of a fair and equitable partition the court should have ordered the sale of same, or so much thereof as incapable of partition. In our judgment, the court was not authorized to delegate to commissioners the power and authority to ascertain, determine, and report on the question as to whether or not the property was susceptible of partition.

Articles 6101 and 6111, Vernon's Sayles' Revised Statutes of Texas, 1914, in our judgment, clearly require and direct that a court, before entering a decree of partition, shall first determine whether or not the property involved is susceptible of partition. A determination of the question as to whether the property is susceptible of partition is a matter for judicial ascertainment, just as any other matter in controversy in the case, and a court cannot delegate this authority to commissioners. It is true that at one time such procedure was authorized by the Texas statutes, but the statute authorizing this manner of procedure was repealed by amendment to what is now article 6101, above referred to; such amendment having been made in 1905. If the property cannot be partitioned, it is the duty of the court to order a sale at the time of entering its judgment in the case, as directed in article 6111.

Article 6101, Vernon's Sayles' Texas Civil Statutes 1914, provides:

"The court shall determine before entering the decree of partition whether the property, or any part thereof, is susceptible of partition; and, if the court determines that the whole of such property, or any part thereof, is susceptible of partition, then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate, describing the same, to be made in accordance with the respective shares or interests of each of the parties entitled thereto, specifying in such decree the share or interest of each party, and shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law, a majority of which commissioners may act."

Article 6102 provides that the clerk shall issue a writ of partition, directed to the sheriff or any constable of the county, commanding such sheriff or constable to notify each of the commissioners of their appointment as such, and shall accompany such writ with a certified copy of the decree of the court directing the partition. Article 6103 provides for service of the writ of partition. Article 6104 provides that the court may also appoint a surveyor. Article 6105 provides when the writ shall be returnable and the return thereof. Article 6106 provides that the commissioners, or a majority of them, shall proceed to partition the real estate described in the decree of the court, in accordance with the directions contained in such decree and with the provisions of this chapter. Article 6107 provides that, should the commissioners deem it necessary, they may cause to be surveyed the real estate to be partitioned into several tracts or parcels. Article 6108 provides that the commissioners shall divide the real estate to be partitioned into as many shares as there are persons entitled thereto, as determined by the court, each share to contain one or more tracts or parcels, as the commissioners may think proper, having due regard in the division to the situation, quantity, and advantages of each share, so that the shares may be equal in value, as nearly as may be, in proportion to the respective interests of the parties entitled. Article 6109 provides that the commissioners shall then proceed by lot to allot and set apart to each of the parties entitled one of said shares, as determined by the decrees of the court. Article 6110 provides that, when the commissioners have completed the partition, they shall report the same in writing and under oath to the court, which report shall show: (1) The real estate divided, describing the same. (2) The several tracts or parcels into which the same was divided by them, describing particularly each of such tracts or parcels. (3) The number of shares and the land which constitutes each share, and the estimated value of each share. (4) The allotment of each share. (5) The report shall be accompanied by such field notes and maps as may be necessary to make the same intelligible. Article 6111 provides that, should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much of such real estate as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, or by private sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests.

It seems in the present case, as will ap-

pear later, that a receiver was appointed and is now acting as such receiver. The law, in our opinion, was not complied with by the court, it not having determined and judicially ascertained, by its decree as above set out, whether the property or any part thereof was susceptible of partition; and the court should also have determined whether the whole of such property, or any part thereof, should be partitioned, describing the same, and how the partition should be made.

In our opinion, it was necessary that the court should first determine whether or not the property involved was susceptible of partition, and this authority should not have been delegated to commissioners. In this we think the court erred, and therefore, inasmuch as the court exceeded its authority or rather failed to perform its plain statutory duty, it was in error; also the court was in error in that part of its judgment wherein it required said commissioners to make a written report showing whether or not in their opinion all of said properties can be fairer or more equitably divided into three shares, two of said shares to contain each one-fourth of the whole, and one of said shares to contain one-half of the whole, each, in so far as it contains real estate, to contain one or more tracts or parcels having due regard to the situation in quantity and advantage of each share, so that the shares may be equal in value as nearly as may be in proportion to the respective interests of the parties entitled, and the value of each share to be shown; and the court was also in error in its judgment in decreeing that the commissioners were required to make a written report under oath to the court, showing whether or not in their opinion it would be fairer and more equitable, instead of attempting to divide all of said properties, real and personal, in kind, into three shares, two of one-fourth each and one of one-half, to sell all of said properties and divide the proceeds.

As said above, the court should have determined these things before entering the decree of partition—that is, as to whether the property or any part thereof was susceptible of partition—and then, if the court had determined that the whole of the property or any part thereof was susceptible of partition, should have entered the decree directing a partition of the real estate, according to the respective shares and interests. In other words, the court was not authorized to delegate to the commissioners the power and authority to ascertain and determine and report as to whether or not the property was susceptible of partition.

Complaint is made in the fourth assignment of error as follows:

"The court erred in that part of its judgment whether it is held and adjudged by the court

'that the shareholders and partners composing the McFaddin, Wiess & Kyle Land Company, an unincorporated joint-stock association, are in hopeless discord and disagreement, so that they cannot agree in the management and control of their common properties, that all confidence between the partners has been destroyed, so that they cannot proceed together in prosecuting the business for which said association was formed,' for the reason that said conclusion is not supported by the testimony taken in the trial of this case and is contrary to such evidence."

Without undertaking to set out the evidence, which is very voluminous, it will be sufficient to state that in our judgment this conclusion was supported by the testimony taken in the trial of this case, and this judgment was warranted, in this matter. This assignment, therefore, is overruled.

[2] The fifth assignment of error is as follows:

"The court erred in that part of its judgment wherein it is held and decreed 'that the hopeless and equal division amongst the joint owners make it indispensable for the preservation of their respective interests that said articles of association be annulled; that there is no adequate relief that can be given, save by the annullment and cancellation of said articles of association and the dissolution of said partnership and the partition of the assets of the McFaddin, Wiess & Kyle Land Company amongst the respective owners therein,' for the reason that the same is contrary to the evidence taken before this court on the trial of this case, and such conclusion is not supported by said testimony."

The size of this record prohibits us even undertaking to set out in detail the evidence of the witnesses. Suffice it to say that the evidence, in our judgment, supports the conclusion arrived at, and inasmuch as the assignment is submitted as a proposition, and also the constitution and by-laws of the McFaddin, Wiess & Kyle Land Company, which is the agreement among the shareholders therein, fully provides for the government and control of the property and business of said company, and defines and limits the rights and privileges of all persons who are or may become interested in said land company as shareholders, nevertheless the conclusion arrived at by this court is that there is such a hopeless disagreement among the members of said partnership that the conclusion can only be reached that this partnership and joint-stock association must be dissolved, in order that the assets of the company may be equitably distributed among the shareholders. It is true that the trust was created by agreement, and was to continue 50 years, and it is set out that the trust could only be dissolved at an earlier date by certain proceedings of the shareholders; but, in our opinion, the history of this joint-stock association has fully demonstrat-

ed that the company cannot be longer successfully operated on account, among other things, of the determination in the cause of McFaddin et al. v. Wiess et al., reported in 168 S. W. 486, in which it was held that it was impossible to enter a decree compelling McFaddin to sign and acknowledge a certificate of Wiess' election as a trustee, and it was held that a mandatory injunction could not be granted to compel McFaddin to execute and acknowledge a certificate of Wiess' election, and it was further held in that cause that the articles of the joint-stock association, which provide that when a trustee died there should be no election by the two surviving trustees to fill the vacancy, except as provided by the articles, to wit, that the remaining trustees might choose his successor by a declaration in writing to that effect, duly executed and acknowledged by them, and also by the trustee so chosen, which declarations, when so signed and acknowledged, should be recorded in the records of the county; it being held that the new trustee did not become qualified to act until all of the steps so specified had been taken, and where one of the trustees died, the agreement of the other two on Wiess as a third trustee, and the recital of such fact in the minutes of the meeting at which he was selected, without the due signing, acknowledgment, and recording of a declaration to that effect, was insufficient to constitute Wiess a trustee. Therefore the effect of the decision, supra, was that inasmuch as McFaddin could not be compelled by any order of the court to sign and acknowledge the certificate of Wiess' election, as a trustee, and inasmuch as Kyle, also one of the trustees, does not desire to act in the absence of either of the other trustees, it is therefore apparent to the minds of this court that it is impossible to operate the McFaddin, Wiess & Kyle Land Company under the constitution and by-laws as a going concern, and impossible for the business to be conducted in the manner as contemplated by the agreement forming the same. Therefore this assignment is in all things overruled.

We are not unmindful of the fact that the said association was a very lucrative business, in which large dividends and profits should have been accumulated for the shareholders; but it seems, from a careful reading of the record, that the scheme and purpose of having an odd number of trustees was used to bring about a deadlock in the affairs of the company. The condition of affairs shown to exist under the evidence in this case is that defendant McFaddin, as one of the board of trustees and owner of one-half of the stock of the company, can, by refusing to conform to any agreement bring about a situation by which it is impossible for the trustees to conduct the business, and therefore, in our judgment, the only equitable remedy is to wind up and liquidate the affairs of the company.

The sixth assignment is as follows:

"The court erred in that part of its judgment wherein it was decreed by the court as follows: 'That the prayer of plaintiffs for the specific performance of the alleged agreement whereby defendants McFaddin and Kyle, acting under the provisions of the joint-stock agreement, agreed to select and did vote for the election of P. H. Wiess as trustee therein, and that said joint-stock association should continue in existence and operation under the control and direction of a board of trustees composed of said McFaddin, Kyle, and Wiess, is hereby denied and refused by the court.' "

Without going into the matter extensively, suffice it to say that the record and the decision of the court at Galveston, heretofore referred to, absolutely prevent and nullify any action on the part of the present board of trustees, or which should be the present board of trustees under the original agreement, and makes any action absolutely impossible. The assignment, therefore, is overruled.

The seventh assignment is as follows:

"The court erred in that part of its judgment herein which reads as follows: 'It is therefore on this the 26th day of March, 1915, considered, ordered, adjudged, and decreed by the court that the prayer of plaintiffs for the appointment or substitution by the court of P. H. Wiess and W. W. Kyle, or either of them, or any one else, as trustees of the McFaddin, Wiess & Kyle Land Company, an unincorporated joint-stock association, and for the continuation of said land company or association under its articles of association or code of by-laws, be and hereby is denied and refused by the court.' "

We have already gone into this matter at some length, and, there being no merit in this assignment, it is overruled.

The eighth assignment of error is as follows:

"The court erred in that part of said judgment and decree wherein the said McFaddin, Wiess & Kyle Land Company is dissolved, the joint-stock agreement annulled, and commissioners appointed to report with reference to the partition or sale of the property of said association, for the reason that the pleadings and evidence taken before the court on the trial hereof show that it is provided in the agreement forming said association that the same shall continue for the term of 50 years from the date thereof, June 27, 1904, when the trustees shall wind up the affairs of the company, first converting all the property thereof into money and dividing all the proceeds ratably among the shareholders, and under the terms of said agreement the said company or association can only be otherwise dissolved and terminated by vote of two-thirds of the entire stock therein then outstanding, which said vote is required to be shown by declaration in writing to that effect, signed by the shareholders, addressed to the trustees, and countersigned by them, to be acknowledged and recorded in the deed records of Jefferson county,

Texas, and thereafter proper proceedings may be had for the final sale of the property of said association then undisposed of, and for a division of the proceeds, and by the terms of said agreement the trustees have conferred upon them authority and power and it is made their duty to so finally liquidate and settle the affairs of said association, and it is contrary to the terms of said agreement for the court to ignore the provisions thereof and undertake by its own decree to exercise the functions of the board of trustees, or to order a partition of the property of said association in a manner contrary to the provisions of the joint-stock agreement, which governs the right of all parties with reference to said property."

A court of equity, under the situation disclosed by this record, in order to finally dispose of and ratably adjust the rights between the parties, they being in hopeless disagreement, will be compelled, necessarily, to dissolve the company and equitably divide the proceeds of the sale of the property, or division of the same, and thereby wind up the affairs of the company, as the same cannot be further controlled under the terms of said agreement and be successfully operated thereunder. Therefore this assignment is also overruled.

We might say in this connection that the trial court could not have provided the association with a board of trustees for the distribution of the proceeds, as provided in the joint-stock company agreement, if for no other purpose, on account of a hopeless disagreement, in order that its affairs may be liquidated and finally settled, as provided in the original agreement. In other words, the lower court had reached the limit in its endeavor to further continue the joint-stock association, and it must necessarily be dissolved and a partition of the property made. This record discloses that at a meeting of the stockholders of the McFaddin, Wiess & Kyle Land Company, held on October 26, 1914, a motion was made that the attorney for the land company be instructed to take steps forthwith to dissolve the land company, in accordance with the by-laws and constitution, and distribute its assets to the parties entitled thereto, and the following vote was taken on this motion: P. H. Wiess voted 2,000 shares "Yes"; W. W. Kyle voted 2,000 shares "Yes"; W. P. H. McFaddin voted 4,000 shares "No."

[3] So it is patent that it is impossible for this company to continue business with any chance of success to the shareholders. It is true that a large amount of property, amounting to perhaps a fortune, is threatened with damage and depreciation. In our judgment, this threatened damage and threatened depreciation cannot be remedied. To dissolve the association is the only just and adequate remedy, and a partition of the property by the judgment of the court. Perhaps the only just and adequate remedy would be to compel the partner McFaddin to keep the faith and compel him to abide by his agreement with his copartners; but another tribunal has already passed on that phase of the case, and this court is powerless along this particular line.

It follows, from the views above expressed, that the court is of the opinion that the trial court's judgment, in so far as it denies to the plaintiff Wiess the relief sought by him, should be affirmed, and also that the judgment should be affirmed in so far as a dissolution of said joint-stock association is decreed, and the property or its proceeds partitioned or divided between the owners thereof in proportion to their rights and interests in such property.

After the trial court had thus far proceeded, he should have then proceeded to determine whether or not the property was susceptible of partition, and should have been governed in doing so by articles 6101 and 6111, above referred to, and he was not authorized to delegate that duty in the first instance to the gentlemen appointed by him as commissioners, as he in effect did. The judgment to that extent will be reversed, and the cause will be remanded, to the end that the trial court may proceed to partition the property, or its proceeds, in accordance with the statute.

Affirmed in part, and in part reversed and remanded.

---

☾══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 21, 1919.